RECEIVED
IN ALEXANDRIA, LA
FEB - 2 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| ANTHONY LEON GREENHILL | DOCKET NO. 06-CV-0473 |
|---|---|
| VERSUS | JUDGE DRELL |
| U.S.A., ET AL. | MAGISTRATE JUDGE KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff filed suit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), as well as 28 U.S.C. §1983 and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971). The undersigned recommended dismissal of Plaintiff's Federal Tort Claims Act ("FTCA") claim as frivolous and also recommended dismissal of the <u>Bivens</u> claims. Plaintiff filed an objection on October 23, 2006, and the district judge referred the case back to the undersigned for reconsideration in connection with the contrary factual allegations in the objection. [Doc. #11]

### Contrary Factual Allegations Raised in the Obejction

Plaintiff maintains that ten one dollar ($1.00) stamps were stolen from his locker by Officer Hunt. Plaintiff's initial FTCA claim form SF-56 itemized the "Amount of Claim" as $10.00 in property damage and $1,000 in personal injury, for a total of $1010.00. For the reasons stated in the Report and Recommendation [Doc. #9], it was recommended that the FTCA claim be denied as frivolous and dismissed under § 1915(e)(2)(B).

In his objection to the Report and Recommendation, Plaintiff claims that he had actually amended that FTCA SF-56 form to specify $10,000.00 in personal injury damages rather than

$1,000.00 in personal injury damages. Even accepting that contrary factual assertion as true, it does not change the recommendation.

Plaintiff's FTCA claim stems from the alleged theft of ten $1.00 stamps, or $10.00, in property damage. While Plaintiff may seek ten thousand dollars for "personal injury," he has not presented any evidence of personal injuries, whatsoever. In his objection to the report and recommendation, Plaintiff argues that the personal injury he suffered was "deliberate indifference" and "retaliation." These would be emotional injuries, for which Plaintiff could not recover damages.

Federal law is clear: "No federal civil action may be brought by a prisoner... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e); see also 28 U.S.C. §1346(b)(2) ("No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.") Plaintiff does not claim to have suffered a physical injury from the alleged theft. To the extent that he claims to have suffered an emotional injury, he fails to state a claim for which relief can be granted.[1]

Finally, to the extent the plaintiff seeks either $1,000 or $10,000 as punitive damages, the FTCA does not provide for such relief. "The United States.... shall not be liable for ... punitive damages." 28 USCS § 2674.

Therefore, even if the plaintiff could prove that the stamps were, in fact, stolen, he has not

---

[1] Moreover, a prisoner must allege more than his personal belief that he is the victim of retaliation. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997); Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995). As discussed in the prior Report and Recommendation [Doc. #9], Plaintiff has only set forth conclusory allegations.

2

established that he suffered a **physical injury** as a result of the theft. Therefore, he could not establish that he suffered one thousand, much less ten thousand, dollars in personal injuries. The most he could recover under the FTCA is ten dollars ($10) property damage. However, as noted in the Report and Recommendation [Doc. #9], the investigation by the Bureau of Prisons uncovered no evidence that the USP-Pollock staff, particularly Officer Hunt, took any item(s) from Plaintiff's locker. There has been no assertion that the Plaintiff had anything else missing from his locker on this or any other occasion. Based on the totality of the circumstances in the instant case, and the broad discretion of the court in evaluating IFP claims, Plaintiff's claim for the ten missing one dollar stamps should be denied as frivolous and failure to state a claim for which relief can be granted.

### Access to Courts

In the Report and Recommendation [Doc. #9], it was recommended that Plaintiff's claim that he had "zero access to the criminal laws and civil codes and state reporters for the State of Louisiana...." be dismissed without prejudice for failing to exhaust. [Doc. #9; Doc. #3, p.2] In light of the recent Supreme Court case, Jones v. Bock, 2007 U.S. LEXIS 1325[2], the merits of that claim have been analyzed, and it is recommended that the claim be dismissed for failure to state a claim for which relief can be granted.

As Plaintiff noted in his complaint, prisoners have a constitutional right of access to the courts, and to establish a violation of that right, a prisoner must show that he suffered an "actual injury." [Doc. #1-1, p. 42] See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998) (holding that, without proving an actual injury, a prisoner cannot prevail on an access-to-the-courts claim). In his amended complaint, Plaintiff claimed that he "has zero access to the criminal laws and civil

---

[2]Finding that exhaustion is an affirmative defense.

codes, and state reporters." However, he did not allege that he suffered any injury or was unable to file a necessary legal document. Plaintiff has been able to file numerous documents citing countless cases and legal authority to support his arguments. He cannot show that he was unable to file necessary documents, nor can he establish that his position as a litigant was actually prejudiced. See Jones v. Stephen, 2006 U.S. Dist. LEXIS 51564, 10-12 (D. La. 2006), citing Lewis v. Casey, 518 U.S. 343, 351-52, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice as frivolous and for failing to state a claim for which relief can be granted, pursuant to under 28 U.S.C. §1915(e)(2)(B) and 42 U.S.C. §1997e.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions AVcepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _19_ day of _February_, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE